Don Springmeyer, NSB No. 1021
Bradley Schrager, NSB No. 10217
**WOLF, RIFKIN, SHAPIRO,**
**SCHULMAN & RABKIN, LLP**
3556 E. Russell Road, 2nd Floor
Las Vegas, Nevada 89120-2234
Tel: (702) 341-5200
Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com

Frank B. Ulmer (*Admitted pro hac vice*)
**MCCULLEY MCCLUER PLLC**
1022 Carolina Blvd., Ste. 300
Charleston, SC 29451
Tel: (855) 467-0451
Fax: (662) 368-1506
fulmer@mcculleymccluer.com

Joshua T. Ripley (*Admitted pro hac vice*)
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
jripley@bm.net

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KERRI SHAPIRO, an individual; on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>TREASURE ISLAND, LLC, a Nevada limited liability company d/b/a/ Treasure Island Hotel & Casino; and RUFFIN ACQUISITION, LLC, a Nevada limited liability company,<br><br>    Defendants. | Case No. 2:17-cv-02930-APG-CWH<br><br>**NOTICE OF RELATED CASES**<br><br>(**Local Rule 42-1**) |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

    In accordance with Local Rule 42-1, Plaintiff Kerri Shapiro files the instant Notice of Related Cases. The following cases call for a determination of the same or substantially identical

1

questions of law and fact and, therefore, are likely to entail substantial duplication of labor for the judges assigned in each respective case:

1. *Cabral et al. v. Caesars Entertainment Corporation et al.*, Case No. 2:17-cv-02841-APG-VCF (filed on November 10, 2017);

2. *Phelps et al. v. MGM Resorts International et al.*, Case No. 2:17-cv-02848-APG-CWH (filed on November 13, 2017);

3. *Martinez et al. v. Las Vegas Sands Corp. et al.*, Case No. 2:17-cv-02859-APG-NJK (filed on November 14, 2017);

4. *Schnitzer et al. v. Wynn Resorts, Ltd. et al.*, Case No. 2:17-cv-02868-RFB-GWF (filed on November 15, 2017);

5. *Bowes et al. v. Nevada Property 1 LLC*, Case No. 2:17-cv-02913-GMN-VCF (filed on November 20, 2017);

6. *Chapman v. Penn National Gaming, Inc. et al.*, Case No. 2:17-cv-02924-GMN-PAL (filed on November 21, 2017);

7. *Inman v. Las Vegas Resort Holdings, LLC*, Case No. 2:17-cv-02950-JAD-NJK (filed on November 28, 2017);

8. *DiNino v. Four Seasons Hotels Inc.*, Case No. 2:17-cv-2961-JAD-GWF (filed on November 29, 2017); and

9. *Robinson v. Westgate Resorts, Inc.*, Case No. 2:18-cv-0095-JAD-CWH (filed on January 17, 2018).

Counsel for Plaintiff in this Action ("Plaintiff's Counsel") are also counsel for Plaintiffs in the above-related actions, and are submitting Notices of Related Cases in all of the related Actions. Moreover, Plaintiff's Counsel anticipate filing additional related cases against additional Defendants. Specifically, Plaintiff's Counsel plan to file cases involving substantially identical causes of action and questions of law against entities related to the following resort/hotels located in Las Vegas, Nevada, with a separate complaint to be filed for each resort: Stratosphere, Palms Casino Resort, and the South Point Hotel.

### I. These Cases Should Be Related Because They Involve the Same Legal Issues

Local Rule 42-1(a) provides that an action may be considered as related to another action when "[b]oth actions involve similar questions of fact and the same question of law." All of the actions listed above involve substantially similar questions of fact and the exact same questions of law. The actions contain the same class-wide claims and allegations that the respective Defendants, hotel-resort owners and operators in Nevada, violated the Internet Tax Freedom Act ("ITFA") by charging Plaintiffs, overnight hotel guests, a mandatory, per night Resort Fee which included Internet access; and, taxing, pursuant to the Clark County Combined Transient Lodging Tax, the portion of the Resort Fee that constitutes Internet Access. The actions uniformly contend, therefore, that Defendants, and each of them, improperly collected millions of dollars in illegal and improper taxes on Internet access during the relevant time period, and unlawfully retained two percent of the unlawfully collected amount. In addition, Plaintiffs in all of the actions seek the same damages and restitution for the total amount of taxes Defendants illegally charged and collected. Further, any factual distinctions between the related actions are immaterial and merely concern the different actors or hotel properties at issue, as opposed to the underlying acts and uniform violation(s) of the ITFA which give rise to the parallel claims in all of the actions. Finally, Plaintiffs in all of the actions are all jointly represented by the same law firms.

### II. These Cases Should Be Related in the Interests of Judicial Economy

Local Rule 42-1(a) also states that an action may be considered as related to another action when "their assignment to the same district judge or magistrate judge is likely to effect a substantial savings of judicial effort;" and when "it would entail substantial duplication of labor if the actions were heard by different district judges or magistrate judges." Here, given the irrefutable relatedness of the actions, assignment to the same district court judge and magistrate judge is likely to effect a substantial savings of judicial effort, and avoid duplication of labor. In addition to the lack of factual or legal divergence in the respective Complaints, Defendants are likely to lodge similar arguments and defenses to the identical claims brought by Plaintiffs under

the ITFA, and there is simply no need for the same issues to be heard by different judges. Indeed, doing so would be a waste of judicial resources, and lead to the undesirable risk of inconsistent rulings. Finally, all of the related actions find themselves at the initial stages of litigation, providing ease of coordinated scheduling for discovery and trial purposes, thereby promoting judicial efficiency, not to mention convenience to the parties.

Dated:   January 19, 2018                                     Respectfully submitted,

*/s/ Don Springmeyer*
Don Springmeyer, NSB No. 1021
Bradley Schrager, NSB No. 10217
**WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP**
3556 E. Russell Road, 2nd Floor
Las Vegas, Nevada 89120-2234
Tel: (702) 341-5200
Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com

Joshua T. Ripley
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
jripley@bm.net

Frank B. Ulmer
**MCCULLEY MCCLUER PLLC**
1022 Carolina Blvd., Ste. 300
Charleston, SC 29451
Tel: (855) 467-0451
Fax: (662) 368-1506
fulmer@mcculleymccluer.com

*Counsel for Plaintiff and the Proposed Class*