# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KERRI SHAPIRO, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TREASURE ISLAND, LLC, a Nevada limited liability company d/b/a Treasure Island Hotel & Casino; and RUFFIN ACQUISITION, LLC, a Nevada limited liability company,<br><br>Defendants. | Case No. 2:17-cv-02930-APG-CWH<br><br>**ORDER**<br><br>(ECF. Nos. 21, 22) |

This case alleges that the defendants charged their guests resort fees that included internet access in a manner that violates the Internet Tax Freedom Act. Several such cases have been filed in this District; some are pending before me, and some have been assigned to other judges in the District.

The parties to many of these cases, including this one, have reached an agreement to stay all deadlines and to consolidate the cases already assigned to me solely for the purpose of ruling on an anticipated motion to dismiss for lack of subject matter jurisdiction, to be filed in the *Cabral* case (2:17-cv-2841). The parties have agreed to take certain actions in the cases not pending before me based on my ruling on the subject matter jurisdiction issue.

I previously granted the stipulations in the cases before me, and I will do so in this case. However, I again caution the parties that their agreement may not achieve the results they anticipate. I am not the assigned judge in the other cases, so my ruling granting these stipulations has no impact on the deadlines in any cases not assigned to me.

Additionally, I cannot bind other district judges and the parties cannot agree to confer subject matter jurisdiction on a federal court. *See Hill v. Blind Indus. & Servs. of Maryland*, 179

F.3d 754, 757 (9th Cir.), *opinion amended on denial of reh'g*, 201 F.3d 1186 (9th Cir. 1999) (stating "the parties cannot, by their consent, confer jurisdiction upon a federal court in excess of that provided by Article III of the United States Constitution"). Thus, if I ultimately conclude there is jurisdiction in my cases, that does not necessarily mean the other judges will agree. Each judge has an independent obligation to ensure subject matter jurisdiction exists in the cases pending before that judge. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (stating federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party").

IT IS THEREFORE ORDERED that the parties' stipulations **(ECF Nos. 21, 22) are GRANTED**.

DATED THIS 12th day of March, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE